**Ex parte Brian MALLARES, Appellant.**

**No. 03–96–00529–CR.**

Court of Appeals of Texas,
Austin.

July 3, 1997.

---

William M. Rugeley, San Marcos, for Appellant.

Marcos Hernandez, Jr., Crim. Dist. Atty., David S. Watts, Asst. Crim. Dist. Atty., San Marcos, for State.

Before ABOUSSIE, JONES and DAVIS,* JJ.

PER CURIAM.

The opinion and judgment in this cause dated May 1, 1997, are withdrawn.

By application for writ of habeas corpus, appellant sought the dismissal of a prosecution for possession of controlled substances on the ground that he had not been timely indicted. Tex.Code Crim. Proc. Ann. art. 32.01 (West 1989). The writ issued and, after a hearing, relief was denied.

## 1. Background.

Article 32.01 provides:

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

With an exception not applicable here, a discharge under this article is a bar to any further prosecution for the offense discharged or for any other offense arising out of the same transaction. Tex.Code Crim. Proc. Ann. art. 28.061 (West 1989).

■ Appellant was arrested on April 12, 1996, for possession of morphine and Demerol and subsequently released on bail.[1] The terms of the 22nd Judicial District Court begin in Hays County on the first Mondays of February, May, August, and November. Tex. Gov't Code Ann. § 24.123(c)(3) (West 1988).[2] The grand juries organized for the February term, during which appellant was arrested, and the May term, the next to be held after appellant's arrest, did not return an indictment against appellant. Appellant filed his writ application on August 8, 1996, after the August term began, and the hearing on the application was held on August 13. On the day of the hearing, the State filed its sworn answer explaining that appellant had not been indicted because:

it was necessary for the suspected contraband to be submitted to the Texas Department of Public Safety crime lab for substance identification and weighing. The submission was made on June 21, 1996. The results of this analysis were prepared by the crime lab on July 3, 1996. The case is prepared for presentation to the August Grand Jury.

These facts were confirmed at the hearing, except that the results of the chemical testing were not known until July 18, after the final meeting of the May term grand jury.[3] At the hearing, the prosecutor stated that he believed it was improper to seek an indict-

---

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1. At the hearing below, the State argued that habeas corpus did not lie because appellant was not in custody. The district court correctly rejected this argument. *Ex parte Robinson,* 641 S.W.2d 552, 553 (Tex.Crim.App.1982) (person who is subject to conditions of bond is restrained in his liberty within meaning of Tex.Code Crim. Proc. Ann. art. 11.01 (West 1977)).

2. Two other district courts have jurisdiction in Hays County. The 207th Judicial District

Court's terms coincide with those of the 22nd Judicial District Court. Tex. Gov't Code Ann. § 24.386(d)(1) (West 1988). The 274th Judicial District Court has six-month terms beginning the second Tuesdays in June and December. Tex. Gov't Code Ann. § 24.451(b) (West 1988). The parties agree that the relevant terms are those of the 22nd Judicial District Court.

3. The evidence reflects that grand juries in Hays County ordinarily meet once a month for one or two days. The last meeting of the May grand jury was on July 3.

ment in this drug case before the suspect substance had been weighed and analyzed:

> There were a number of substances involved, and we needed that analysis. We believe it is incumbent, I believe that it is proper that the State know what the substances are and how much they weigh. Possession of controlled substance encompasses a variety of substances, some of which are extremely similar to one another, and is also broken down by penalty and degree of punishment based upon their weight. We did not present the case to the [May] Grand Jury because we didn't know what it was, we didn't know how much there was.... We checked into the drug analysis. It was submitted in June. Unfortunately there was a delay between the time of the arrest and when it was submitted. That delay was by the sheriff's office, ... which I understand is an agency of the State....

At the conclusion of the hearing on August 13, the district court found good cause for the failure to indict appellant before the end of the May term and denied relief. The briefs state that appellant was indicted on August 15.

## 2. Constitutionality of article 32.01.

The State argues that the district court properly denied relief because article 32.01 is unconstitutional. The State relies on the opinion in *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App.1987), in which the Court of Criminal Appeals held that the Speedy Trial Act violated the Texas Constitution's separation of powers clause by abridging a prosecutor's exclusive prosecutorial function without constitutional authorization. *See* Tex. Const. art. II, § 1 (separation of powers); Act of May 23, 1977, 65th Leg., R.S., ch. 787, § 1, 1977 Tex. Gen. Laws 1970 (Speedy Trial Act, codified at Tex.Code Crim. Proc. Ann. art. 32A.02). The State argues that article 32.01 suffers from the same defect that rendered

the Speedy Trial Act unconstitutional.[4] We disagree.

█ The legislature has ultimate constitutional authority over judicial administration and may pass laws regulating the means, manner, and mode of asserting a defendant's rights in court. Tex. Const. art. V, § 31; *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 240 (Tex.Crim.App.1990); *Meshell*, 739 S.W.2d at 255. A prerequisite to the legislature's exercise of this authority is the existence of a right for which the legislature can provide procedural guidelines. *Meshell*, 739 S.W.2d at 255. In *Meshell*, the Court of Criminal Appeals explained that the Speedy Trial Act was unconstitutional because, despite its name, the act in fact did not enforce a defendant's speedy trial right:

> In enacting the Speedy Trial Act, the Legislature has *attempted* to provide procedural guidelines for statutory enforcement of a defendant's constitutional right to a speedy trial. At first blush this Act would seem to satisfy the requirement that a right exist before procedural guidelines could be enacted to enforce that right. However, the Act is not directed at providing procedural guidelines for the speedy *commencement of trial*. Instead, as this Court has consistently held, the Act is directed at speeding the *prosecutor's preparation and ultimate readiness for trial*.
>
> .   .   .   .   .
>
> By failing to show some deference to these factors [informing the right to a speedy trial] and by focusing upon a prosecutor's readiness for trial, the Legislature has not created an Act that assures appellant of a speedy trial.

*Meshell*, 739 S.W.2d at 255, 257 (citations and footnotes omitted).

The State's constitutional attack on article 32.01 assumes that the statute is a legislative attempt to indirectly speed criminal cases to trial by setting a deadline for obtaining an

4. The *Meshell* court also held article 28.061 to be unconstitutional. As the First Court of Appeals has explained, this holding applies only to the use of article 28.061 as the enforcement mechanism for the unconstitutional Speedy Trial Act. *Nix v. State*, 882 S.W.2d 474, 475–76 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); *Nguyen v.*

*State*, 882 S.W.2d 471, 472–73 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Article 28.061, as subsequently amended to apply to article 32.01, survives *Meshell*. *Nix*, 882 S.W.2d at 476; *Nguyen*, 882 S.W.2d at 473. In its brief to this Court, the State says it "does not quarrel" with this holding.

indictment. If that were true, we might agree that the statute is unconstitutional for the same reason the Speedy Trial Act was unconstitutional. Article 32.01 is not, however, a speedy trial statute. Instead, article 32.01 is based on and implements the constitutional right to indictment. *See Norton v. State*, 918 S.W.2d 25, 30 (Tex.App.—Houston [14th Dist.] 1996, pet. filed) (Hudson, J., concurring). The Texas Constitution provides that "no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury." Tex. Const. art. I, § 10. Article 32.01 provides a procedure by which a defendant who is in jail or released on bail may enforce that right by seeking a dismissal of the prosecution if an indictment or information is not timely presented.

Unlike the Speedy Trial Act, which indirectly enforced the right to a speedy trial by limiting a prosecutor's trial preparation time, article 32.01 directly enforces the constitutional right to indictment. Of course, article 32.01 interferes with a prosecutor's discretion to the extent that it does not permit an indefinite delay in taking a case before a grand jury if the defendant is in jail or on bail. But this interference is only an incidental result of the statutory procedure for asserting the right to indictment. Moreover, article 32.01 contains a "safety valve" that mitigates its impact on prosecutors: the district court may order the prosecution continued on a showing of good cause supported by affidavit. The State dismisses this in its brief, asking, "[W]hat about a Judge who finds nothing sufficient as 'good cause?'" We are satisfied, however, that district courts will enforce article 32.01 in as conscientious a manner as they discharge the other responsibilities entrusted to their discretion.

The State also complains that the deadline set by article 32.01 for presenting an indictment or information varies from county to county because district court terms are not uniform.[5] While we agree that article 32.01 may place a greater burden on prosecutors in counties with short court terms than on prosecutors in counties with longer terms, this is a factor that can be taken into consideration by the district court in determining whether good cause exists for continuing the prosecution.

We hold that in enacting article 32.01, the legislature properly exercised its authority to regulate the means, manner, and mode of asserting a defendant's right to indictment. The State's contention that article 32.01 violates the constitutional separation of powers is without merit.

### 3. Appellant's points of error.

In his first point of error, appellant contends the district court erred by allowing the State to file its affidavit of good cause after the May term of court ended. By analogy to the procedure for extending the term of a grand jury, appellant argues that the State should have filed its affidavit of good cause, and the district court should have acted on the affidavit, before the expiration of the term. Appellant concedes there is no authority for this argument.

---

**5.** A cursory look at the Government Code reveals district courts having terms of two months (*e.g.*, 19th Judicial District Court, Tex. Gov't Code Ann. § 24.120(c) (West 1988)), three months (*e.g.*, 146th Judicial District Court, *Id.* § 24.247(b)), four months (*e.g.*, 20th Judicial District Court, *Id.* § 24.121(b)), and six months (*e.g.*, 33rd Judicial District Court, *Id.* § 24.135(c)). Other district courts have irregular terms. For example, the 126th Judicial District Court's terms begin on the first Mondays of September and November, and on the third Mondays of January, March, and June. *Id.* § 24.228(b).

Another problem not mentioned by the State arises in counties such as Hays having multiple district courts with different terms. *See* n. 2, *supra*. Which court term controls under article 32.01? Because appellant's writ application was filed and heard in the 274th District Court, it could be argued that he was not entitled to relief because the June term of that court had not ended. On the other hand, such a result might promote delay by allowing the prosecutor to seek an indictment from a later grand jury organized by a court having a longer term rather than proceeding before an available grand jury of a court having a shorter term. Because the parties agree that the terms of the 22nd Judicial District Court apply in this cause, we express no opinion on this question. *See also Norton*, 918 S.W.2d at 27. Having made compliance with article 32.01 a matter of critical importance by its 1987 amendment of article 28.061, the legislature would do well to consider the problems that arise under the statute due to the lack of uniform court terms.

■ Article 32.01 does not specify the procedure by which it is to be given effect. It is obvious, however, that a showing of good cause to continue the prosecution is unnecessary unless and until the defendant seeks a dismissal pursuant to the statute.[6] Thus, there was no reason for the State to file a good-cause affidavit before appellant filed his habeas corpus application. It was sufficient that the State filed its responsive affidavit before the district court ruled. *Ex parte Lerma*, 167 Tex.Crim. 5, 317 S.W.2d 751, 752 (1958). Point of error one is overruled.

By point of error two, appellant contends the district court erred by finding good cause for the indictment's delay. He argues that the State did not satisfactorily explain the more than two-month delay in submitting the suspected contraband for analysis. He also notes that the grand jury for the May term could have been, but was not, recalled after the test results were obtained. Appellant relies on the opinion in *Lloyd v. State*, 665 S.W.2d 472 (Tex.Crim.App.1984).

*Lloyd* was a Speedy Trial Act case, not an article 32.01 case. The Speedy Trial Act required the dismissal of an indictment with prejudice if the State could not show that it had been ready for trial within a specified time. In calculating the State's readiness, the act permitted the exclusion of certain time periods. In *Lloyd*, a drug prosecution, the issue presented was whether a delay in obtaining laboratory test results was a "reasonable period of delay that [was] justified by exceptional circumstances" and therefore excludable under the act. Art. 32A.01, § 4(10) (later renumbered as § 4(12)). The court held it was not:

> The State had complete control over submission of the evidence. The assistant district attorney said he would not go to a grand jury without a chemist's report.... We note that there is no requirement that the State present a chemist's report to the

grand jury in order to prove probable cause for an indictment.... We do not believe that holding suspected drugs for more than a month before submitting them for analysis, and then relying upon the absence of the chemists' report to argue "unavailability", is entirely ingenuous. This delay does not constitute an exceptional circumstance....

*Lloyd v. State*, 665 S.W.2d at 475.

■ We believe that the present cause is legally distinguishable from *Lloyd*. The Speedy Trial Act focused on the prosecutor's readiness for trial, and to justify a delay the "exceptional circumstance" necessarily had to be beyond the control of the prosecutor. *Id.* Article 32.01, on the other hand, does not seek to dictate the prosecutor's readiness for trial. Instead, it provides a procedure by which a defendant may enforce the constitutional right to indictment, subject to the court's discretionary authority to continue the prosecution for good cause. Article 32.01 does not require a prosecutor to justify any delay in preparing a case for trial, and neither the letter nor the spirit of the statute prohibits a finding of good cause for continuing the prosecution merely because the failure to timely indict is due, wholly or in part, to prosecutorial delay. In addition, we must always construe a statute in a constitutional manner if it is possible to do so. It would be improper to read the requirements of the unconstitutional Speedy Trial Act into article 32.01. The statute is satisfied if, when called upon to do so, the State can demonstrate good cause for continuing the prosecution.

■ Under article 32.01, whether good cause is shown for continuing a prosecution is committed to the discretion of the trial court. An appellate court may reverse a trial court's decision for an abuse of discretion only when it appears that the court applied an errone-

---

**6.** The Court of Criminal Appeals has held that article 32.01 has no application once an indictment is returned, and that to obtain a dismissal pursuant to the statute the defendant must seek the dismissal before an indictment is issued. *Tatum v. State*, 505 S.W.2d 548, 550 (Tex.Crim.App. 1974). Recent court of appeals opinions state that *Tatum* is no longer authoritative in light of the 1987 amendment of article 28.061 making

dismissals under article 32.01 a bar to further prosecution. *State v. Ybarra*, 942 S.W.2d 35 (Tex.App.—Corpus Christi, 1996, pet. filed); *Norton*, 918 S.W.2d at 28; *Ex parte Knight*, 904 S.W.2d 722, 725 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). We do not decide this question because appellant filed his habeas corpus application and obtained the district court's ruling before the indictment was issued.

ous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law. *DuBose v. State,* 915 S.W.2d 493, 497–98 (Tex.Crim.App.1996). Even if the appellate court would have reached a different result, it should not intercede as long as the trial court's ruling was within the "zone of reasonable disagreement." *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1991) (opinion on rehearing).

▬ As good cause, we think the district court in the present cause could consider the relatively short three-month court term that confronted the prosecutor, the fact that another district court with jurisdiction in Hays County has six-month terms, and the prosecutor's readiness to submit appellant's case to the August grand jury scheduled to meet the day after the hearing. In addition, the evidence shows that the prosecutor, as a matter of policy, did not seek an indictment until the suspected contraband was analyzed. Nothing in article 32.01 prohibits such a policy and it may well be the more prudent course of action. The laboratory analysis was not completed until after the last scheduled meeting of the grand jury for the May term of court. While it is possible that the analysis could have been completed in time for action by the May grand jury had there not been a two-month delay in submitting the contraband to the laboratory, and while it is also possible that the grand jury could have been called back to consider indicting appellant before the May term ended, there is no evidence that the State deliberately sought to delay the prosecution of this cause. The district court appears to have applied the correct legal standard and, under the unique facts of this case, we cannot say that its conclusion that good cause was shown for continuing the prosecution was an abuse of its discretion. Point of error two is overruled.

The order denying habeas corpus relief is affirmed.