**Jarrod FRENZEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–97–223–CR.**

Court of Appeals of Texas, Waco.

Feb. 25, 1998.

William F. Carter, Madisonville, for appellant.

Gina M. Debottis, Sp. Pros. Atty., Huntsville, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

This is an appeal from the trial court's denial of a writ of habeas corpus. The appellant, Jarrod Frenzel, complains the trial court erred when it failed to dismiss the indictment against him because the indictment was not returned by the end of the next term of court following his arrest and admission to bail as required by statute. We affirm.

### Background

The facts in this case are undisputed. Frenzel was arrested on September 16, 1994, and charged with the offense of deadly conduct. *See* TEX. PEN.CODE ANN. § 22.05 (Vernon 1994). Frenzel posted bond on September 18, 1994, and was released from custody. A Madison County Grand Jury indicted Frenzel for the charged offense on September 15, 1995. On June 13, 1997, claiming the indictment was not timely presented, Frenzel filed a petition for writ of habeas corpus with the trial court seeking to have the indictment dismissed with prejudice as mandated by the Code of Criminal Procedure. The trial court granted Frenzel's petition and held an evidentiary hearing. At the hearing, the State conceded that it was 77 days too late indicting Frenzel; however, the State argued its tardiness was excused because good cause existed as to why Frenzel was not timely indicted. The trial court agreed with the State, finding that the State had demonstrated good cause for not indicting Frenzel by the end of the term of court following his arrest and admission to bail. Accordingly, the trial court denied the requested relief.

### Issues Presented for Review

Frenzel's sole complaint on appeal is that the trial court erred in denying the writ and failing to dismiss the prosecution with prejudice. He relies on articles 32.01 and 28.061 of the Code of Criminal Procedure. At the time of Frenzel's arrest, article 32.01 provided:

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 441.[1]

Article 28.061 read:

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article or Article 32.01 of this code is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction. . . .

Act of May 22, 1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws, 1885.[2]

Frenzel claims that, because the State failed to indict him within the next term of court following his arrest, the trial court was required by article 32.01 and article 28.061 to dismiss the prosecution against him with prejudice. The State argues, although it is undisputed that Frenzel's indictment was too late, that the State has met its burden of showing that good cause existed. Alternatively, the State argues articles 32.01 and 28.061, prior to being amended in 1997, are unconstitutional because they violate the separation of powers doctrine.

## Good Cause

At the habeas corpus hearing, the Madison County District Attorney testified that, when he took office in January 1997, there were no records kept on the status of pending cases. Specifically, Frenzel's file contained all the requisite reports from the sheriff's office but no date as to when the case had been actually forwarded to the District Attorney's Office. He further stated that between the time Frenzel was arrested, in September 1994, and July 1995, the district attorney in office at that time was burdened with a lengthy capital murder trial, did not consistently call sessions of the Madison County Grand Jury, and was suffering from "severe personal problems" which culminated in his resignation on July 1, 1995. The Madison County District Clerk also testified at the hearing. According to the district clerk, the 278th District Court of Madison County has two terms of court each year—one beginning the first Monday in January and one beginning the first Monday in July.[3] In regard to the two terms of court during which Frenzel could have been timely indicted, the district clerk stated that the grand jury met twice during the July 1994 term, one of such times on November 17, which was after Frenzel was arrested. Thirty indictments were returned at the November session. During the January 1995 term, the grand jury met only once, returning ten indictments. At the hearing's conclusion, the trial court found that good cause did exist for the State's untimely indictment of Frenzel and

---

1. Article 32.01 was amended by the 75th Legislature in an attempt to provide some uniformity across the state as to how long the State has to indict a criminal defendant after the defendant has been arrested or admitted to bail. Article 32.01 now provides:

   When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if the indictment or information be not presented against such defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or *on or before the*

*180th day after the date of commitment or admission to bail, whichever date is later.*

Act of May 6, 1997, 75th Leg., R.S., ch. 289, § 2, 1997 Tex. Gen Laws 1304 (*emphasis added*).

2. Article 28.061 was also amended by the 75th Legislature. Amended article 28.061 deletes the reference to article 32.01, no longer barring the re-indictment of an accused if a previous indictment is dismissed due to an unexcused preindictment delay. *See* Act of May 6, 1997, 75th Leg., R.S., ch. 289, § 1, 1997 Tex. Gen. Laws 1304.

3. *See* Tex. Gov't Code Ann. § 24.113(b) (Vernon 1988).

that no dismissal was required.[4]

Exactly what constitutes good cause for purposes of article 32.01 remains a puzzle. *See Ex parte Barnes*, 959 S.W.2d 313, 315–16, (Tex.App.—Fort Worth 1997, pet. granted); *State v. Condran*, 951 S.W.2d 178, 182 (Tex.App.—Dallas 1997, pet. granted). Several courts have held that the good cause exception is analogous to an exceptional circumstance which excuses a violation of the Texas Speedy Trial Act.[5] *See Ex parte Barnes*, 959 S.W.2d at 316–17; *Condran*, 951 S.W.2d at 182–83. However, at least one court has expressly rejected such position, stating, "It would be improper to read the requirements of the unconstitutional Speedy Trial Act into article 32.01." *Ex parte Mallares*, 953 S.W.2d 759, 764 (Tex.App.—Austin 1997, no pet.). In *Ex parte Mallares*, the Austin Court held that the untimeliness of an indictment could be excused and good cause found due solely to prosecutorial delay. *Id.* We disagree with this broad interpretation. Under such reading of article 32.01, any delay, perhaps even intentional delay on the prosecution's part, would satisfy the good cause requirement and excuse a late indictment. The better approach in determining if the State has presented good cause is to look to cases involving alleged violations of the Speedy Trial Act for guidance. *See Ex parte Barnes*, 959 S.W.2d at 316–17; *Condran*, 951 S.W.2d at 182–83; *cf. Norton v. State*, 918 S.W.2d 25, 29 (Tex.App.—Houston [14th Dist.] 1996, pet. dism'd) (applying factors which are taken into consideration to determine if an accused's federal constitutional right to a speedy trial has been violated).

■ Following this approach provides us with parameters for determining if good cause exists, a necessary requirement in light of the Court of Criminal Appeals recent mandate that we review *de novo* trial court rulings which are mixed questions of law and fact and which do not require an evaluation of credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997); *Ex parte Barnes*, 959 S.W.2d at 316–17. Because the facts set out by the State in its attempt to establish good cause are not in dispute and because our determination of whether those facts establish good cause within the meaning of article 32.01 requires us to apply the law to those facts, we will review the trial court's ruling *de novo*. *See id.*

In the context of a defendant's right to a speedy trial, the Court of Criminal Appeals has held that mere negligence in performing prosecutorial duties does not excuse a violation of an accused's right to a speedy trial. *See Meshell v. State*, 739 S.W.2d 246, 251 (Tex.Crim.App.1987). Furthermore, relying on cases involving alleged violations of the Speedy Trial Act, the Dallas Court of Appeals has held that lack of diligence in submitting evidence, which was to be presented to the grand jury, for forensic examination was not good cause to excuse an untimely indictment. *Condran*, 951 S.W.2d at 183–84. At the writ hearing, the reason presented by the State for not timely indicting Frenzel was that the former district attorney had mishandled his prosecutorial duties. We cannot condone lack of diligence on the part of the State's attorney in properly carrying out his prosecutorial duties; consequently, we hold that such is not good cause to excuse a late indictment even when the actions of the State's attorney are the result of negli-

---

4. The trial court made no findings of fact or conclusions of law in this case. However, when a trial court fails to make specific findings of fact and conclusions of law, it is presumed that the court made the necessary findings to support its decision. *See Ice v. State*, 914 S.W.2d 694, 695 (Tex.App.—Fort Worth 1996, no pet.); *Vela v. State*, 871 S.W.2d 815, 816–17 (Tex.App.—Houston [14th Dist.] 1994, no pet.). Morever, the court's order states that the writ is denied "for good cause shown and supported by the affidavit attached." No affidavit is attached to the court's order; however, a copy of the referenced affidavit is before us as well as the sworn testimony of the Madison County District Attorney recorded during the habeas hearing, the basis for the affidavit.

5. The Texas Speedy Trial Act, Tex.Code Crim. Proc. Ann. arts. 32A.01–.02 (Vernon 1989), was declared unconstitutional in *Meshell v. State*, 739 S.W.2d 246, 257 (Tex.Crim.App.1987), as a violation of the separation of powers doctrine, Tex. Const. art. II, § 1. The court held that the legislature, by enacting the Speedy Trial Act, unduly encroached upon the province of the judiciary by depriving the state's attorney of his exclusive prosecutorial discretion in preparation for trial. *Meshell*, 739 S.W.2d at 253–57.

gence. Reviewing the evidence presented at the hearing *de novo*, we conclude the State failed to present good cause to excuse Frenzel's not being indicted by the next term of court after his arrest.

## Constitutional Issues

■ Because the State did not establish good cause, it is barred from prosecuting Frenzel unless either article 32.01 or article 28.061 is unconstitutional. This bar to prosecution creates a present injury to the State; consequently, we will consider the State's contention that these articles are unconstitutional. *See Meshell*, 739 S.W.2d at 251. The State argues that articles 32.01 and 28.061 infringe on an exclusive prosecutorial function in violation of the separation of powers doctrine of the Texas Constitution.[6] The constitutionality of these two articles has been the topic of much discussion. *Ex parte Barnes*, 959 S.W.2d at 317–20; *Ex parte Mallares*, 953 S.W.2d at 762–63; *Condran*, 951 S.W.2d at 184–91; *Norton*, 918 S.W.2d at 28–29; *Nix v. State*, 882 S.W.2d 474, 476 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); *Nguyen v. State*, 882 S.W.2d 471, 473 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); *see generally*, Elizabeth Klaas, *Dismissal for Pre–Indictment Delay Under Articles 32.01 and 28.061 of the Texas Code of Criminal Procedure*, 23 AM. J.CRIM. L. 353, 366–73 (1996). In fact, the problems which have resulted from the implementation of these statutes culminated in the 75th Legislature's amending both of them. *See* Act of May 6, 1997, 75th Leg., R.S., ch. 289, §§ 1–2, 1997 Tex. Gen. Laws 1304. However, despite the 1997 amendments, we must determine the constitutionality of these statutes as they existed at the time of Frenzel's arrest.

## Constitutionality of Article 32.01

■ We agree with the holdings of *Norton*, *Condran*, and *Ex parte Barnes* that article 32.01, standing alone, does not impermissibly infringe on the exclusive prosecutorial discretion of the State's attorney in preparing a case against an accused and therefore does not violate the separation of powers doctrine.[7] *Ex parte Barnes*, 959 S.W.2d at 319; *Condran*, 951 S.W.2d at 190; *Norton*, 918 S.W.2d at 29. By itself, article 32.01 is merely a legislative mechanism used to enforce an accused's constitutional right to indictment by a grand jury. TEX. CONST. art. I, § 10; *Norton*, 918 S.W.2d at 30 (Hudson, J., concurring). The only consequence of violating article 32.01 is a dismissal of the prosecution against an accused and the discharge of the accused from bail; the accused can then be re-indicted at a later time. Because implementation of article 32.01 does not significantly affect the prosecutor's preparation of a case, we hold that article 32.01 is not unconstitutional.

## Constitutionality of Article 28.061

■ The result of article 28.061's enforcement of article 32.01 is not as innocuous. If the State cannot satisfy the good cause exception to article 32.01 for an untimely indictment, then the State is barred from any further prosecution of that offense. This result is extreme and ultimately deprives the State of its exclusive prosecutorial discretion in preparing a case for the grand jury. *See Meshell*, 739 S.W.2d at 257; *Condran*, 951 S.W.2d at 191. The legislative purpose behind article 28.061 was "to force prosecutors to get their cases through the court system." *Condran*, 951 S.W.2d at 191; *see* Klaas, 23 AM. J.CRIM. L. at 360–61. The question then arises as to whether the effect of article 28.061's application unduly encroaches upon

---

**6.** The separation of powers provision provides:

> The powers of the Government of the State of Texas shall be divided into three district departments, each which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another; and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. art II, § 1.

**7.** The State's attorney has been found to be within the judicial branch of government and thereby entitled to protection under the separation of powers doctrine. *See Meshell*, 739 S.W.2d at 252; *State v. Condran*, 951 S.W.2d 178, 188 (Tex.App.—Dallas 1997, pet. granted); *see also* TEX. CONST. art. V, § 21.

what would otherwise be within the sole province of the prosecution.[8]

The effect of article 32.01 is to release the accused from the punitive effects of incarceration or bail. The accused's constitutional right to be indicted by a grand jury is therefore protected; barring any further prosecution of the accused is unnecessary. *Condran*, 951 S.W.2d at 190. The Dallas Court is correct that "[a]rticle 28.061's bar shifts the focus from releasing the accused from the punitive effects of incarceration or bail to the State's ability to obtain an indictment within a specific time period." *Id.* Mandating that the State present a case to a grand jury within a certain time period, whether the State's attorney feels adequately prepared to do so or not, deprives the prosecution of its exclusive discretion in preparing a case for the grand jury. *Meshell*, 739 S.W.2d at 257. Furthermore, when the legislature amended article 28.061, it seems as if no consideration was given to the wide discrepancies in terms of court across the state, the possibility that a grand jury might request additional information, or the fact that the prosecution cannot guarantee that the grand jury will act within the time limit mandated by article 32.01. *Ex parte Barnes*, 959 S.W.2d at 320; *see Condran*, 951 S.W.2d at 190–91. Consequently, because of factors beyond the State's control, article 28.061 impermissibly intrudes upon the prosecution's discretion. Such action is a violation of the separation of powers doctrine and is thereby unconstitutional.

Because we find article 28.061 unconstitutional, we must decide whether the fact that the Madison County Grand Jury returned an indictment against Frenzel prior to a ruling on Frenzel's writ of habeas corpus made Frenzel's complaint of an untimely indictment in violation of article 32.01 moot.

## Mootness of Article 32.01 Complaint

■ Prior to the 1987 amendment of article 28.061, which made it applicable to article 32.01, a dismissal for an untimely indictment pursuant to article 32.01 did not prevent further prosecution. *Ex parte Barnes*, 959 S.W.2d at 320; *Condran*, 951 S.W.2d at 191;

*Ex parte Knight*, 904 S.W.2d 722, 725 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). The State could refile the dismissed charges against the accused. Consequently, because a dismissal for an untimely indictment was only temporary, the accused was required to voice an article 32.01 complaint prior to being re-indicted, or such complaint became moot. *See Tatum v. State*, 505 S.W.2d 548, 550 (Tex.Crim.App.1974); *Garay v. State*, 683 S.W.2d 21, 22 (Tex.App.—Waco 1984, pet. ref'd).

Once article 28.061 was amended to apply to article 32.01, an accused was not required to obtain a ruling on an article 32.01 complaint prior to being indicted. *See Norton*, 918 S.W.2d at 29; *Ex parte Knight*, 904 S.W.2d at 725; *but see Ex parte Crowder*, 959 S.W.2d at 732, 733 (Tex.App.—Austin 1998, pet. filed); *Holleman v. State*, 945 S.W.2d 232, 235 (Tex.App.—Amarillo 1997, pet. filed). However, because we have held article 28.061 unconstitutional, we rely on the cases that were decided before its amendment and hold that Frenzel's failure to obtain a ruling on his article 32.01 complaint prior to being indicted renders his complaint moot.

## Conclusion

Having reviewed the evidence presented at the writ hearing *de novo*, we hold that the State failed to present good cause for not timely indicting Frenzel by the end of the next term of court after his arrest. However, because we have decided that article 28.061 violates the separation of powers doctrine by impermissibly infringing on prosecutorial discretion and is thereby unconstitutional, Frenzel's delay in raising his article 32.01 complaint until after an indictment was returned against him renders his complaint moot. We therefore sustain the trial court's order denying Frenzel's application for a writ of habeas corpus.

---

**8.** *See id.*