Todd A. HIXSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–97–288–CR, 13–97–349–CR.

Court of Appeals of Texas,
Corpus Christi.

July 15, 1999.

R. Robert Willmann, Jr., Attorney at Law, San Antonio, for Appellant.

Carlos Valdez, District Attorney, James D. Rosenkild, Assistant District Attorney, Corpus Christi, for the State.

Before Chief Justice SEERDEN and Justices YAÑEZ and CHAVEZ.

**OPINION ON REMAND**

Opinion on Remand by Chief Justice SEERDEN.

Todd A. Hixson appeals from both the denial of his pretrial application for writ of habeas corpus and from his later conviction for felony driving while intoxicated. By three points of error, Hixson complains that the trial court was required to dismiss his indictment as untimely filed. We originally affirmed the conviction. However, the Texas Court of Criminal Appeals remanded this case for our reconsideration in light of their recent decision in *Ex parte Jack Dobbs*, 978 S.W.2d 959 (Tex.Crim. App., 1998).

The facts of this case are set out in this Court's original opinion. Briefly, Hixson was arrested and released on bail on June 18, 1994, for the felony offense of driving while intoxicated. He was not indicted for this offense until February 3, 1995, when the indictment was filed in the 28th District Court of Nueces County, Texas. Because the terms of court of the 28th District Court run from the first Monday in January to July, and from the first Monday in July to January, Hixson was not timely indicted by the end of the first full term of court (January 2, 1995) after the date of his arrest.

The Texas Code of Criminal Procedure provides:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

TEX.CODE CRIM. PROC. ANN. art. 32.01 (Vernon Supp.1999).

Texas Code of Criminal Procedure article 28.061, as it existed at the time Hixson was indicted, in addition to requiring that the indictment be set aside, also barred any further prosecution for the underlying offense if the State violated article 32.01.[1] Together, articles 32.01 and 28.061 effectively acquitted the defendant based on an untimely indictment.

We held in our original opinion that the present delay in presentation of the indictment did not violate article 32.01 because the "term of court" applied to the court in which the defendant is "detained in custody or held to bail," and we could not tell from the record brought by Hixson that the time to indict had expired under that court's term of court.

In *Dobbs*, however, the Texas Court of Criminal Appeals held that the term of court for purposes of article 32.01 is the term of the particular court in which the indictment has been presented. Applying *Dobbs* in the present case, the Texas Court of Criminal Appeals concluded that Hixson was not timely indicted under article 32.01,

---

1. Article 28.061 originally discharged and barred the future prosecution of the defendant only for failure to provide a speedy trial. *See* Act of June 16, 1977, 65th Leg., R.S., ch. 787, § 4, 1977 Tex. Gen. Laws 1972. In 1987, the legislature amended article 28.061 to include a bar of future prosecution for untimely indictment under article 32.01. *See* Act of June 17, 1987, 70th Leg., R.S., ch.383, § 1, 1987 Tex. Gen. Laws 1885. In 1997, the legislature again amended article 28.061 to remove the bar created in 1987 with regard to untimely indictments. TEX.CODE CRIM. PROC. ANN. art. 28.061 (Vernon Supp.1999).

In the present case, Hixson was arrested in 1994 and indicted in 1995. Accordingly, the timeliness of that indictment and its effect on future prosecution must be judged by the versions of articles 32.01 and 28.061 in effect from 1987 to 1997. *See e.g., Frenzel v. State*, 963 S.W.2d 911, 915 (Tex.App.—Waco 1998, no pet. h.).

reversed our judgment, and has remanded for our reconsideration of the appeal.

The State has argued against dismissal not only based on the argument rejected by the Court of Criminal Appeals, but also because Hixson waived any complaint regarding untimely indictment, and because the dismissal requirement of article 28.061 is unconstitutional. Because the issue of waiver is inextricably tied to that of constitutionality of the statute, we will first discuss constitutionality.

The State argues that the application of article 28.061 to bar any further prosecution following an untimely indictment under article 32.01 violates the separation of powers clause of the Texas Constitution, art. II, § 1, which provides for the separation of powers of the three departments of Texas government: Judicial, Legislative, and Executive.

■ The separation of powers clause may be violated in either of two ways: 1) when one branch of government assumes, or is delegated, to whatever degree, a power that is more properly attached to another branch; or 2) when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers. *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex.Crim.App.1990).

■ District and county attorneys have been charged with the duty to prosecute criminal cases and the corollary discretion in the preparation of those cases for trial. Therefore, under the separation of powers doctrine, the Legislature may not remove or abridge a district or county attorney's exclusive prosecutorial function, unless authorized by an express constitutional provision. *Meshell v. State*, 739 S.W.2d 246, 254–55 (Tex.Crim.App.1987). The *Meshell* Court, for instance, ruled that the Texas Speedy Trial Act was unconstitutional as an unwarranted encroachment upon a prosecutor's exclusive function without the authority of an express constitutional provision. *Id.* at 256–57. Specifically, the *Meshell* Court concluded that the requirements of the Act did not sufficiently allow for consideration of the factors which are generally applied to determine whether a defendant has been deprived of his constitutional right to a speedy trial.[2]

■ After *Meshell*, the State argued in other cases that article 32.01 likewise constitutes an unwarranted encroachment upon prosecutorial discretion at the indictment stage. However, those of our sister courts who have considered the issue have universally held that article 32.01 is constitutional and does not infringe upon prosecutorial discretion so unreasonably as to violate the separation of powers clause. *Steinmetz v. State*, 968 S.W.2d 427, 429–33 (Tex.App.—Texarkana 1998, no pet. h.); *Ex parte Torres*, 966 S.W.2d 723, 726–29 (Tex.App.—San Antonio 1998, no pet. h.); *Frenzel v. State*, 963 S.W.2d 911, 915–16 (Tex.App.—Waco 1998, no pet. h.); *Ex parte Barnes*, 959 S.W.2d 313 (Tex.App.— Fort Worth 1997, pet. dism'd); *Ex parte Mallares*, 953 S.W.2d 759 (Tex.App.—Austin 1997, no pet.); *State v. Condran*, 951 S.W.2d 178 (Tex.App.—Dallas 1997, pet. dism'd); *Norton v. State*, 918 S.W.2d 25, 28–29 (Tex.App.—Houston [14th Dist.] 1996), *writ dism'd*, 969 S.W.2d 3 (Tex. Crim.App.1998).

Article 32.01 is merely a legislative mechanism used to enforce the accused's constitutional right to indictment by a grand jury. TEX. CONST. art. I, § 10; *Frenzel*, 963 S.W.2d at 915. We agree that its timely indictment requirements are far less burdensome than the speedy trial requirements struck down by *Meshell*, and that article 32.01 provides sufficient safeguards to allow the State to present, and the trial court to consider, circumstances showing good cause for failure to comply. *See Norton*, 918 S.W.2d at 28–29.

**2.** *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

■ However, the courts of appeals in Texas have split on the constitutionality of the provision of article 28.061 that barred further prosecution following an untimely indictment.

Several courts of appeals have held that article 28.061 is unconstitutional to the extent that the 1987 amendment barred further prosecution based on an untimely indictment. *Frenzel,* 963 S.W.2d at 915–16; *Barnes,* 959 S.W.2d at 320; *Condran,* 951 S.W.2d at 190–91. The *Condran* court states that the application of article 28.061 to bar further prosecution "shifts the focus from releasing the accused from the punitive effects of incarceration or bail to the State's ability to obtain an indictment within a specific time period." *Id.* at 190. Specifically, *Frenzel, Barnes* and *Condran* found that article 28.061 unduly interfered with prosecutorial discretion, citing the wide discrepancies in terms of court across the state, and factors beyond the State's control, such as the inability of the prosecutor to compel the grand jury to act timely. *Frenzel,* 963 S.W.2d at 915–16; *Barnes,* 959 S.W.2d at 320; *Condran,* 951 S.W.2d at 190–91.

Other courts of appeals, however, have upheld the application of the article 28.061 bar to further prosecution as an appropriate enforcement mechanism for untimely indictment, particularly since the good cause provision of article 32.01 serves as a safety valve and mitigates against the harshness of a dismissal with prejudice. *Torres,* 966 S.W.2d at 726–29; *Norton,* 918 S.W.2d at 27–29; *see also Mallares,* 953 S.W.2d at 762 n. 4; *Nix v. State,* 882 S.W.2d 474, 475–76 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); *Nguyen v. State,* 882 S.W.2d 471, 472–73 (Tex.App.— Houston [1st Dist.] 1994, pet. ref'd) (noting that *Meshell* struck down as an unconstitutional violation of separation of powers only the dismissal and bar of prosecution based on speedy trial grounds, which had no effect on dismissal and bar for untimely indictment). Specifically, *Torres* reasons that the combination of 28.061 and 32.01 is no more of an interference than any statute of limitations. *Id.* at 729.

We agree with *Frenzel, Barnes,* and *Condran* that article 28.061's bar to prosecution unnecessarily shifts the focus from releasing the accused to infringing on the State's ability to obtain an indictment within a certain time frame, thus violating the separation of powers clause. *Frenzel,* 963 S.W.2d at 915; *Barnes,* 959 S.W.2d at 320; *Condran,* 951 S.W.2d at 190–91. Thus, we join those courts in holding article 28.061 unconstitutional. The State is not barred from prosecuting Hixson.

■ We next address the State's final argument that Hixson waived his complaint by failing to raise it prior to his indictment. Not until March 10, 1997, did Hixson complain about the failure to timely indict by his pretrial application for writ of habeas corpus and motion to dismiss.

The history of articles 32.01 and 28.061, and their constitutionality, becomes important with regard to the State's waiver argument because the defendant has no reason to make a 32.01 timeliness objection after he has been indicted if the indictment itself moots the issue and he is entitled to no further remedy for untimeliness. Accordingly, before article 28.061 was amended to apply to violations of article 32.01, the Court of Criminal Appeals required the defendant to preserve a complaint that he was not timely indicted by raising it prior to indictment. *See Tatum v. State,* 505 S.W.2d 548, 550 (Tex.Crim.App.1974); *Steinmetz,* 968 S.W.2d at 432; *Barnes,* 959 S.W.2d at 317–20. Based upon our holding that article 28.061 is unconstitutional, we furthermore agree with *Barnes* and *Condran* that a complaint of untimely indictment must be preserved by a pre-indictment objection. *See Barnes,* 959 S.W.2d at 320; *Condran,* 951 S.W.2d at 192 (both adopting the *Tatum* holding after ruling article 28.061 unconstitutional).

Accordingly, we conclude that Hixson did not preserve his complaint of untimely indictment. He was not entitled to dis-

missal of the present charges against him. We overrule his points of error.

The judgments of the trial court are AFFIRMED.

Dissenting Opinion by Justice LINDA REYNA YAÑEZ.

Dissenting Opinion by Justice YAÑEZ.

I disagree with the majority's holding that article 28.061 is unconstitutional. The objective of article 32.01 is to release the accused from pre-indictment incarceration or discharge bail if an indictment is not timely issued, and this purpose is not adequately achieved without article 28.061. Standing alone, article 32.01 provides for a temporary release from incarceration or bail. Article 28.061, as amended in 1987, bars further prosecution after an article 32.01 dismissal. The fact that the Legislature chose a firm penalty—dismissal with prejudice—to enforce the constitutional requirement that the State timely indict a defendant, does not render article 28.061 unconstitutional.

In examining a statute for constitutionality, we begin with the presumption that the Legislature did not act unreasonably in enacting the statute and it properly considered any constitutional requirements. *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex. Crim.App.1978). In other words, we presume the statute is constitutional until the contrary is proven. *Id.*

While the appellate courts are divided on the question of article 28.061's constitutionality, I agree with those courts that have found article 28.061, as amended in 1987, an appropriate enforcement mechanism for untimely indictments. This is particularly true because a prosecutor may avoid permanent dismissal under article 28.061 by invoking the "good cause" provision of article 32.01.

As a practical matter, it is not difficult for the State to show good cause. Once an appellant establishes, in either a habeas corpus proceeding or a hearing on an article 32.01 motion, that an indictment was untimely returned, the burden shifts to the State to establish good cause for delay. *See Ex parte Torres,* 966 S.W.2d 723, 728 (Tex.App.—San Antonio 1998), *vacated,* 993 S.W.2d 662–63 (Tex.Crim.App. 1999).[1] A prosecutor may establish good cause by affidavit. *Id.* Courts have found good cause for a variety of reasons, including shortages in police department personnel and prosecutorial policies delaying indictment until lab reports are analyzed. *See id.* (citations omitted). Relatively short terms of court are also a factor that courts may consider in determining whether the State has shown good cause for delaying the indictment. *Ex parte Martin,* 956 S.W.2d 843, 844–45 (Tex.App.—Austin 1997, pet. granted); *Ex parte Mallares,* 953 S.W.2d 759, 763 (Tex.App.—Austin 1997, no pet.). While article 28.061 may affect the prosecutorial function, I would hold the interference is not unreasonable or burdensome. For these reasons, article 28.061 does not unconstitutionally infringe on or violate the principle of separation of powers.

I further disagree with the majority's opinion because it circumvents the separation of powers analysis. In reviewing a statute's constitutionality based on the separation of powers doctrine, a court must answer two questions: (1) whether the statute unduly interferes with the prosecutor's exclusive prosecutorial function of preparing a case for prosecution, and if so, (2) whether the enactment is authorized by a constitutional provision. *Jones v. State,* 803 S.W.2d 712, 716 (Tex. Crim.App.1991); *Meshell v. State,* 739 S.W.2d 246, 255 (Tex.Crim.App.1987).

1. The court of criminal appeals remanded *Torres* to the court of appeals for reconsideration in light of *Brooks v. State,* 990 S.W.2d 278, 284–85 (Tex.Crim.App. 1999),discussed later in this opinion. The appellate court's decision still properly explains the procedure for establishing good cause and is relied on for this purpose.

Assuming, for the sake of argument, that article 28.061 unduly interferes with the prosecutorial function, the majority still errs in failing to apply the second step in the separation of powers analysis: determining whether the enactment is authorized by a constitutional provision. I would find article 28.061 authorized by the constitutional provision that empowers the legislature to establish laws regarding the practice and procedures relating to the use of indictments, including their contents, amendments, sufficiency, and requisites. TEX. CONST. art. V, § 12; *see Ex parte Mallares,* 953 S.W.2d at 763.

Moreover, a criminal defendant also has a constitutional right to an indictment in a felony case. TEX. CONST. art. I, § 10 ("[N]o person shall be held to answer for a criminal offense, unless on an indictment of a grand jury.") Article 28.061 assists in enforcement of this right. The constitution does not allow the State to hold a person under arrest or on bail indefinitely, and prosecutors similarly are not allowed to wait an indefinite period before bringing forth an indictment. Without a strong enforcement mechanism to force the State to seek an indictment—such as the threat of dismissal with prejudice—there is little to ensure prosecutors will comply with the law. Viewing article 28.061 in conjunction with article 32.01, I believe that in amending article 28.061, the Legislature struck an appropriate balance between the doctrine of separation of powers and protecting a criminal defendant's right to indictment.

One of the primary reasons articulated by the *Meshell* court for holding articles 32A.02 and its enforcement mechanism, the former 28.061,[2] unconstitutional, was the provisions gave no consideration to the prosecutor's reason for delay. *See Meshell,* 739 S.W.2d at 256. Unlike the provisions before the *Meshell* court, the provisions before us contain a "good cause"

exception, enabling the prosecutor to maintain an untimely indicted case if the delay is justified. Because article 28.061 does not impose an undue interference on the prosecutorial function and is authorized by constitutional provisions, I would hold the statute constitutional.

Finally, I disagree with the majority's holding that appellant's untimely indictment complaint is moot. Before the 1987 amendments to article 28.061, criminal defendants who had not been timely indicted were merely entitled to a temporary dismissal. Therefore, it is logical that before the 1987 amendments to article 28.061, the court of criminal appeals required defendants to preserve an untimely indictment complaint by raising it prior to indictment. *See Tatum v. State,* 505 S.W.2d 548, 550 (Tex.Crim.App.1974).

Because the 1987 amendments to article 28.061 created a bar to further prosecution, however, the return of an indictment no longer moots the defendant's objection. The appellant in this case, where good cause was never raised, was entitled to a permanent dismissal. The return of an untimely indictment did not moot his complaint. We and other courts have held that, after the 1987 amendment to article 28.061, a complaint of untimely indictment survives the actual return of the indictment and may be raised later as a bar to any further prosecution. *State v. Ybarra,* 942 S.W.2d 35, 38 (Tex.App.—Corpus Christi 1996), *pet. dism'd, improvidently granted,* 977 S.W.2d 594, 594 (Tex.Crim. App.1998); *Norton v. State,* 918 S.W.2d 25, 29 (Tex.App.—Houston [14 th Dist.] 1996), *pet. dism'd, improvidently granted,* 969 S.W.2d 3, 3 (Tex.Crim.App.1998).

This reasoning is not affected by the recent court of criminal appeals decision in *Brooks v. State,* 990 S.W.2d 278, 284–85 (Tex.Crim.App.1999), where the court— without explanation—follows *Tatum*'s holding that article 32.01 has no applica-

---

**2.** Articles 32A.02 and the former article 28.061 were both part of the Speedy Trial of Criminal Cases Act of 1977, 65 th Leg., R.S.,

ch. 787, 1977 Tex. Gen. Laws 1970, held unconstitutional in *Meshell,* 739 S.W.2d at 252–58.

tion once an indictment is returned. In following *Tatum,* decided long before the legislature amended article 28.061 to apply to article 32.01 dismissals, the court of criminal appeals disregards the relevant statutes in effect from 1987 until 1997. The *Brooks* holding also is inconsistent with *Ybarra* and *Norton,* where the court of criminal appeals declined to address this issue and left undisturbed appellate court decisions granting permanent dismissals to similarly situated defendants.

Moreover, it is not clear the State challenged the constitutionality of the statutes in *Brooks.* Unlike the present case, the prosecutor in *Brooks* argued the delayed indictment was justified by good cause. *Brooks,* therefore, should not control our reasoning in the present case. In fact, *Brooks* appears to be an example of how the good cause safety valve may be exercised by the prosecutor so as not to bar a justifiably delayed indictment.

In this case, the State never attempted to show good cause for its delay in indicting the appellant, but rather, relied exclusively on the unconstitutionality of article 28.061. I would hold appellant properly preserved the untimely indictment issue for our review and is entitled to a dismissal with prejudice.