Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




 
EX PARTE: EDWARD MICHAEL
YOUNG.

                            



                            

§

§

§

§

§


No. 08-04-00250-CR

Appeal from the

168th District Court

of El Paso County, Texas

(TC# 68448)




O P I N I O N

           This is an appeal from an order of the El Paso County Criminal Law Magistrate Court
(Jail Magistrate) denying applicant relief on his pretrial application for writ of habeas corpus
and motions to dismiss the prosecution. The Jail Magistrate was acting on assignment from
the 168th District Court of El Paso County, Texas. We reverse the order of the court.
I. SUMMARY OF THE EVIDENCE
           Appellant was and remains charged with the offense of murder. He was arrested on
September 20, 1991, and he was released on bond on the same day. He was indicted on
February 16, 1993 on indictment number 68448. On July 21, 1995 in the 168th District
Court, Appellant was convicted and sentenced to sixty years’ imprisonment. This Court
affirmed the judgment and the Court of Criminal Appeals refused Appellant’s petition for
discretionary review. The judgment became final on March 4, 1998 with the issuance of this
Court’s mandate.
           Appellant subsequently filed a post-conviction application for writ of habeas corpus
alleging, in part, that he had not received effective assistance of counsel because his trial
counsel failed to move to dismiss the indictment for lack of speedy trial under Articles 32.01
and 28.061 of the Texas Code of Criminal Procedure. The 168th District Court filed findings
of fact and conclusions of law in the Court of Criminal Appeals. That court denied relief on
October 4, 2000.
           On October 10, 2000, Appellant filed a federal petition for writ of habeas corpus
raising the same issue of ineffective assistance of counsel raised in the prior state
proceedings. The United States District Court for the Western District Court of Texas issued
an opinion denying Appellant’s petition. Appellant appealed, and on January 9, 2004, the
United States Court of Appeals for the Fifth Circuit delivered an opinion reversing the
District Court and granting Appellant relief.
           Appellant filed motions in the 168th District Court under former articles 28.061 and
32.01 of the Code of Criminal Procedure asserting that the indictment against him should be
dismissed. In the interim, the State obtained a new murder indictment against Appellant.


 
Appellant filed a pretrial writ of habeas corpus asserting that the prosecution should be
dismissed with prejudice. The Jail Magistrate determined that, while the State did not have
good cause for the delay in initially indicting Appellant, the statute involved was
unconstitutional. Also, the Jail Magistrate determined that the prior holdings of the courts
that had previously ruled on Appellant’s claims, did not preclude consideration of the
statute’s constitutionality. The Court denied Appellant’s motions for dismissal and his
application for writ of habeas corpus. It is from this order that Appellant appeals.
II. DISCUSSION
           In Issue No. Two, Appellant maintains that the court erred in holding that the
prosecution for murder was not barred because former article 28.061 violates the Texas
Constitutional prohibition against interference by one department of government with the
prerogatives of another. Former article 32.01 of the Code of Criminal Procedure read:
When a defendant has been detained in custody or held to bail for his
appearance to answer any criminal accusation before the district court, the
prosecution, unless otherwise ordered by the court, for good cause shown,
supported by affidavit, shall be dismissed and the bail discharged, if indictment
or information be not presented against such defendant at the next term of the
court which is held after his commitment or admission to bail. Acts of 1965,
59th Leg., R.S. ch. 722, § 1, 1965 Tex. Gen. Laws 441.

           Tex. Code Crim. Proc. Ann. art. 32.01.




           Former article 28.061 of the Code of Criminal Procedure read:
 
If a motion to set aside an indictment, information, or complaint for
failure to provide a speedy trial is sustained, the court shall discharge the
defendant. A discharge under this article or Article 32.01 of this code is a bar
to any further prosecution for the offense discharged and for any other offense
arising out of the same transaction, other than an offense of a higher grade that
the attorney representing the state and prosecuting the offense that was
discharged does not have the primary duty to prosecute. Act of June 16, 1977, 
65th Leg., R.S. ch. 787, § 4, 1977 Tex. Gen. Laws 1972, amended by Act of
June 17, 1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws 1885.

           Tex. Code Crim. Proc. Ann. art. 28.061.




The Separation of Powers Clause provides:
The powers of the Government of the State of Texas shall be divided
into three distinct departments, each of which shall be confided to a separate
body of magistracy, to wit: Those which are Legislative to one; those which
are Executive to another; and those which are Judicial to another; and no
person, or collection of persons, being of one of these departments, shall
exercise any power properly attached to either of the others, except in the
instances herein expressly permitted.

           Tex. Const. art II, § 1.
           The trial court made the following conclusion regarding the constitutionality of article 
28.061:
Former Article 28.061, in so far as it provided for dismissal with
prejudice for Article 32.01 dismissals, constituted a violation of the
constitutional separation of powers doctrine embodied in Article II, Sec. 1 of
the Texas Constitution. This provision was unconstitutional under the same
analysis utilized in Meshell v. State, 739 S.W.2d 246 (Tex. Crim. App. 1987).

           The Appellant maintains that article 28.061 is constitutional and does not effect a
violation of the separation of powers clause of the Texas Constitution. The State requests
that this Court hold that both articles 32.01 and 28.061 are unconstitutional, or, at least, to
follow the magistrate’s conclusion as well as the holdings of several intermediate appellate
courts and hold that article 28.061 is unconstitutional. See Hixson v. State, 1 S.W.3d 160,
163 (Tex. App.--Corpus Christi 1999, no pet.); Ex parte Barnes, 959 S.W.2d 313, 321 (Tex.
App.--Fort Worth 1997, pet. dism’d, improvidently granted); State v. Condran, 951 S.W.2d
178, 192 (Tex. App.--Dallas 1997), pet. dism’d, improvidently granted, 977 S.W.2d 144
(Tex. Crim. App. 1998); contra Norton v. State, 918 S.W.2d 25, 29 (Tex. App.--Houston
[14th Dist.] 1996), pet. dism’d, improvidently granted, 969 S.W.2d 3 (Tex. Crim. App.
1998); Ex parte Torres, 966 S.W.2d 723, 726-29 (Tex. App.--San Antonio 1998), vacated
on other grounds, 993 S.W.2d 662 (Tex. Crim. App. 1999); Steinmetz v. State, 968 S.W.2d
427, 430 (Tex. App.--Texarkana 1998, no pet.); Ex parte Mallares, 953 S.W.2d 759, 762-63
(Tex. App.--Austin 1997, no pet.).
           The trial court’s ruling on the constitutionality of a statute is a question of law which
we review de novo. Gonzalez v. State, 938 S.W.2d 482, 484 (Tex. App.--El Paso 1996, pet.
ref’d). We review mixed questions of law and fact which do not turn on an evaluation of
credibility and demeanor de novo. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). The facts in this case are not in dispute. We review the trial court’s ruling de novo. 
Frenzel v. State, 963 S.W.2d 911, 914 (Tex. App.--Waco 1998, pet. ref’d). When an attack
on the constitutionality of a statute is made, courts begin with the presumption that the statute
is valid. Faulk v. State, 608 S.W.2d 625, 630 (Tex. Crim. App. 1980); Ex parte Granviel,
561 S.W.2d 503, 511 (Tex. Crim. App. 1978). One challenging a statute carries the burden
to establish that the statute is unconstitutional. Luquis v. State, 72 S.W.3d 355, 365 (Tex.
Crim. App. 2002).
           A district attorney is part of the judicial branch of government, and is therefore
protected under the Separation of Powers Clause. See Meshell v. State, 739 S.W.2d 246, 252
(Tex. Crim. App. 1987). With regard to the separation of powers doctrine, the Legislature
may not remove or abridge a district or county attorney’s exclusive prosecutorial function,
except as authorized by an express constitutional provision. Id. at 254-55. In Meshell, the
Court of Criminal Appeals found that the Texas Speedy Trial Act, article 32A.02 of the
Texas Code of Criminal Procedure, was not directed at the commencement of trial; rather,
it focused upon an announcement of “ready” by the prosecution and it placed no burden
upon the State to proceed to trial. See id. at 255-57. Accordingly, the Court found the
Speedy Trial Act, along with its enforcement mechanism, article 28.061, to be void on the
ground that it violated the Separation of Powers Clause of the Texas Constitution. Id. at 258. 
The Court explained that the Speedy Trial Act was not a legitimate attempt to provide
procedural guidelines for enforcing a defendant’s constitutional right to a speedy trial
because it did not incorporate the traditional Barker speedy trial factors as part of the
constitutional inquiry. Id. at 256-57.
           In urging that we uphold the trial court’s ruling, the State maintains that the prior
versions of articles 28.061 and 32.01 pertinent to our discussion suffer from the same defects. 
Specifically, the State contends that it is not apparent what substantive right the Legislature
was attempting to provide procedural guidelines for in enacting articles 32.01 and its
enforcement mechanism, article 28.061. Next, the State maintains that article 28.061 creates
a duty not necessitated by the Due Process Clause which adversely affects the prosecutor’s
ability to exercise his discretion in deciding when to present a case to the grand jury. The
State also argues that the “good cause” provision in article 32.01 allows the judiciary wide
discretion in denying a defendant’s motion to dismiss, and it also fails to set out procedural
guidelines to protect any procedural right or prevent an encroachment on the prosecutor’s
exclusive authority to decide when to present a case to the grand jury. Finally, the State
contends that articles 32.01 and 28.061 operate in an arbitrary and capricious manner in that
the district courts have varying terms of court per year.
           The majority of courts that have considered the constitutionality of the two statutes
applicable in the present case have found that article 32.01 is constitutional standing apart
from article 28.061. See Smith v. State, 998 S.W.2d 683, 692 (Tex. App.--Corpus Christi
1999, pet. ref’d). However, some courts, including the Smith court, have held that when
article 28.061 is considered in conjunction with 32.01, that the bar to prosecution
impermissibly infringed upon a valid prosecutorial function and the statutes did not take into
consideration the effect the varying lengths of terms of court and to other situations beyond
the State’s control. Id. at 693.
           On the other hand, other courts have determined that article 32.01 implements the
constitutional right to indictment. Norton, 918 S.W.2d at 30 (Hudson, J., concurring); Ex
parte Mallares, 953 S.W.2d at 763. Moreover, while the statute interferes to some extent
with the prosecutor’s discretion, the good cause provision in the statute which allows the
district court to order the prosecution continued on a showing of good cause supported by
affidavit, provides a safety valve for prosecutors who, with due diligence, cannot meet the
statutory timetable. Ex parte Torres, 966 S.W.2d at 727. Also, the existence of the good
cause provision allows the consideration of such matters as the Barker factors and the
varying lengths of the terms of court. Id. at 726-27. We find that article 32.01 is
constitutional.
           Some courts have found that while article 32.01 is constitutional, article 28.061, the
enforcement mechanism, is unconstitutional as being a violation of the separation of powers
doctrine. See Ex parte Barnes, 959 S.W.2d at 320; Condran, 951 S.W.2d at 191. The
concern expressed in those opinions is that given the wide discrepancies in the terms of
courts and the uncontrollable vagaries of grand jury decision making, the State will not be
able to adhere to the statutory timetable notwithstanding the mitigating effect of the good
cause provision. Ex parte Barnes, 959 S.W.2d at 320; Condran, 951 S.W.2d at 190-91. 
However, we agree with the Torres court that, “We fail to understand why such factors
beyond a prosecutor’s control would not provide grounds for good cause for delay.” Ex parte
Torres, 966 S.W.2d at 728. We find that both prior articles 32.01 and 28.061 are
constitutional. Accordingly, we sustain Appellant’s Issue No. Two.
           Having sustained Appellant’s Issue No. Two, we find it unnecessary to address his
remaining issue. We reverse the court’s order denying relief and we remand the cause with
instructions to the trial court to dismiss the indictment.
 
                                                                  RICHARD BARAJAS, Chief Justice

December 15, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)