Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





EX PARTE: EDWARD MICHAEL
YOUNG.

                   

§

§

§

§

§

No. 08-04-00251-CR

Appeal from the

168th District Court

of El Paso County, Texas

(TC# 20040D01654)




O P I N I O N
           This is an appeal from an order of the El Paso County Criminal Law Magistrate
Court (Jail Magistrate) denying applicant relief on his pretrial application for writ of
habeas corpus and motions to dismiss the prosecution. The Jail Magistrate was acting on
assignment from the 168th District Court of El Paso County, Texas. We reverse the order
of the court.
I. SUMMARY OF THE EVIDENCE
           Appellant was and remains charged with the offense of murder. He was arrested
on September 20, 1991, and he was released on bond on the same day. He was indicted
on February 16, 1993 on indictment number 68448. On July 21, 1995 in the 168th
District Court, Appellant was convicted and sentenced to sixty years’ imprisonment. This
Court affirmed the judgment and the Court of Criminal Appeals refused Appellant’s
petition for discretionary review. The judgment became final on March 4, 1998 with the
issuance of this Court’s mandate.
           Appellant subsequently filed a post-conviction application for writ of habeas
corpus alleging, in part, that he had not received effective assistance of counsel because
his trial counsel failed to move to dismiss the indictment for lack of speedy trial under
Articles 32.01 and 28.061 of the Texas Code of Criminal Procedure. The 168th District
Court filed findings of fact and conclusions of law in the Court of Criminal Appeals. 
That court denied relief on October 4, 2000.
           On October 10, 2000, Appellant filed a federal petition for writ of habeas corpus
raising the same issue of ineffective assistance of counsel raised in the prior state
proceedings. The United States District Court for the Western District Court of Texas
issued an opinion denying Appellant’s petition. Appellant appealed, and on January 9,
2004, the United States Court of Appeals for the Fifth Circuit delivered an opinion
reversing the District Court and granting Appellant relief.
           Appellant filed motions in the 168th District Court under former articles 28.061
and 32.01 of the Code of Criminal Procedure asserting that the indictment against him
should be dismissed. In the interim, the State obtained a new murder indictment against
Appellant.


 Appellant filed a pretrial writ of habeas corpus asserting that the prosecution
should be dismissed with prejudice. The Jail Magistrate determined that, while the State
did not have good cause for the delay in initially indicting Appellant, the statute involved
was unconstitutional. Also, the Jail Magistrate determined that the prior holdings of the
courts that had previously ruled on Appellant’s claims, did not preclude consideration of
the statute’s constitutionality. The Court denied Appellant’s motions for dismissal and
his application for writ of habeas corpus. It is from this order that Appellant appeals.
II. DISCUSSION
           In Issue No. Two, Appellant maintains that the court erred in holding that the
prosecution for murder was not barred because former article 28.061 violates the Texas
Constitutional prohibition against interference by one department of government with the
prerogatives of another. Former article 32.01 of the Code of Criminal Procedure read:
When a defendant has been detained in custody or held to bail for his
appearance to answer any criminal accusation before the district court, the
prosecution, unless otherwise ordered by the court, for good cause shown,
supported by affidavit, shall be dismissed and the bail discharged, if
indictment or information be not presented against such defendant at the
next term of the court which is held after his commitment or admission to
bail. Acts of 1965, 59th Leg., R.S. ch. 722, § 1, 1965 Tex. Gen. Laws 441.

           Tex. Code Crim. Proc. Ann. art. 32.01.




           Former article 28.061 of the Code of Criminal Procedure read:
 
If a motion to set aside an indictment, information, or complaint for
failure to provide a speedy trial is sustained, the court shall discharge the
defendant. A discharge under this article or Article 32.01 of this code is a
bar to any further prosecution for the offense discharged and for any other
offense arising out of the same transaction, other than an offense of a higher
grade that the attorney representing the state and prosecuting the offense
that was discharged does not have the primary duty to prosecute. Act of
June 16, 1977, 65th Leg., R.S. ch. 787, § 4, 1977 Tex. Gen. Laws 1972,
amended by Act of June 17, 1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex.
Gen. Laws 1885.

           Tex. Code Crim. Proc. Ann. art. 28.061.




The Separation of Powers Clause provides:
The powers of the Government of the State of Texas shall be divided
into three distinct departments, each of which shall be confided to a
separate body of magistracy, to wit: Those which are Legislative to one;
those which are Executive to another; and those which are Judicial to
another; and no person, or collection of persons, being of one of these
departments, shall exercise any power properly attached to either of the
others, except in the instances herein expressly permitted.

           Tex. Const. art II, § 1.
           The trial court made the following conclusion regarding the constitutionality of
article 28.061:
Former Article 28.061, in so far as it provided for dismissal with
prejudice for Article 32.01 dismissals, constituted a violation of the
constitutional separation of powers doctrine embodied in Article II, Sec. 1
of the Texas Constitution. This provision was unconstitutional under the
same analysis utilized in Meshell v. State, 739 S.W.2d 246 (Tex. Crim. App.
1987).

           The Appellant maintains that article 28.061 is constitutional and does not effect a
violation of the separation of powers clause of the Texas Constitution. The State requests
that this Court hold that both articles 32.01 and 28.061 are unconstitutional, or, at least, to
follow the magistrate’s conclusion as well as the holdings of several intermediate
appellate courts and hold that article 28.061 is unconstitutional. See Hixson v. State, 1
S.W.3d 160, 163 (Tex. App.--Corpus Christi 1999, no pet.); Ex parte Barnes, 959 S.W.2d
313, 321 (Tex. App.--Fort Worth 1997, pet. dism’d, improvidently granted); State v.
Condran, 951 S.W.2d 178, 192 (Tex. App.--Dallas 1997), pet. dism’d, improvidently
granted, 977 S.W.2d 144 (Tex. Crim. App. 1998); contra Norton v. State, 918 S.W.2d 25,
29 (Tex. App.--Houston [14th Dist.] 1996), pet. dism’d, improvidently granted, 969
S.W.2d 3 (Tex. Crim. App. 1998); Ex parte Torres, 966 S.W.2d 723, 726-29 (Tex. App.--San Antonio 1998), vacated on other grounds, 993 S.W.2d 662 (Tex. Crim. App. 1999);
Steinmetz v. State, 968 S.W.2d 427, 430 (Tex. App.--Texarkana 1998, no pet.); Ex parte
Mallares, 953 S.W.2d 759, 762-63 (Tex. App.--Austin 1997, no pet.).
           The trial court’s ruling on the constitutionality of a statute is a question of law
which we review de novo. Gonzalez v. State, 938 S.W.2d 482, 484 (Tex. App.--El Paso
1996, pet. ref’d). We review mixed questions of law and fact which do not turn on an
evaluation of credibility and demeanor de novo. Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). The facts in this case are not in dispute. We review the trial
court’s ruling de novo. Frenzel v. State, 963 S.W.2d 911, 914 (Tex. App.--Waco 1998,
pet. ref’d). When an attack on the constitutionality of a statute is made, courts begin with
the presumption that the statute is valid. Faulk v. State, 608 S.W.2d 625, 630 (Tex. Crim.
App. 1980); Ex parte Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). One
challenging a statute carries the burden to establish that the statute is unconstitutional. 
Luquis v. State, 72 S.W.3d 355, 365 (Tex. Crim. App. 2002).
           A district attorney is part of the judicial branch of government, and is therefore
protected under the Separation of Powers Clause. See Meshell v. State, 739 S.W.2d 246,
252 (Tex. Crim. App. 1987). With regard to the separation of powers doctrine, the
Legislature may not remove or abridge a district or county attorney’s exclusive
prosecutorial function, except as authorized by an express constitutional provision. Id. at
254-55. In Meshell, the Court of Criminal Appeals found that the Texas Speedy Trial
Act, article 32A.02 of the Texas Code of Criminal Procedure, was not directed at the
commencement of trial; rather, it focused upon an announcement of “ready” by the
prosecution and it placed no burden upon the State to proceed to trial. See id. at 255-57. 
Accordingly, the Court found the Speedy Trial Act, along with its enforcement
mechanism, article 28.061, to be void on the ground that it violated the Separation of
Powers Clause of the Texas Constitution. Id. at 258. The Court explained that the
Speedy Trial Act was not a legitimate attempt to provide procedural guidelines for
enforcing a defendant’s constitutional right to a speedy trial because it did not incorporate
the traditional Barker speedy trial factors as part of the constitutional inquiry. Id. at 256-57.
           In urging that we uphold the trial court’s ruling, the State maintains that the prior
versions of articles 28.061 and 32.01 pertinent to our discussion suffer from the same
defects. Specifically, the State contends that it is not apparent what substantive right the
Legislature was attempting to provide procedural guidelines for in enacting articles 32.01
and its enforcement mechanism, article 28.061. Next, the State maintains that article
28.061 creates a duty not necessitated by the Due Process Clause which adversely affects
the prosecutor’s ability to exercise his discretion in deciding when to present a case to the
grand jury. The State also argues that the “good cause” provision in article 32.01 allows
the judiciary wide discretion in denying a defendant’s motion to dismiss, and it also fails
to set out procedural guidelines to protect any procedural right or prevent an
encroachment on the prosecutor’s exclusive authority to decide when to present a case to
the grand jury. Finally, the State contends that articles 32.01 and 28.061 operate in an
arbitrary and capricious manner in that the district courts have varying terms of court per
year.
           The majority of courts that have considered the constitutionality of the two statutes
applicable in the present case have found that article 32.01 is constitutional standing apart
from article 28.061. See Smith v. State, 998 S.W.2d 683, 692 (Tex. App.--Corpus Christi
1999, pet. ref’d). However, some courts, including the Smith court, have held that when
article 28.061 is considered in conjunction with 32.01, that the bar to prosecution
impermissibly infringed upon a valid prosecutorial function and the statutes did not take
into consideration the effect the varying lengths of terms of court and to other situations
beyond the State’s control. Id. at 693.
           On the other hand, other courts have determined that article 32.01 implements the
constitutional right to indictment. Norton, 918 S.W.2d at 30 (Hudson, J., concurring); Ex
parte Mallares, 953 S.W.2d at 763. Moreover, while the statute interferes to some extent
with the prosecutor’s discretion, the good cause provision in the statute which allows the
district court to order the prosecution continued on a showing of good cause supported by
affidavit, provides a safety valve for prosecutors who, with due diligence, cannot meet the
statutory timetable. Ex parte Torres, 966 S.W.2d at 727. Also, the existence of the good
cause provision allows the consideration of such matters as the Barker factors and the
varying lengths of the terms of court. Id. at 726-27. We find that article 32.01 is
constitutional.
           Some courts have found that while article 32.01 is constitutional, article 28.061,
the enforcement mechanism, is unconstitutional as being a violation of the separation of
powers doctrine. See Ex parte Barnes, 959 S.W.2d at 320; Condran, 951 S.W.2d at 191. 
The concern expressed in those opinions is that given the wide discrepancies in the terms
of courts and the uncontrollable vagaries of grand jury decision making, the State will not
be able to adhere to the statutory timetable notwithstanding the mitigating effect of the
good cause provision. Ex parte Barnes, 959 S.W.2d at 320; Condran, 951 S.W.2d at 190-91. However, we agree with the Torres court that, “We fail to understand why such
factors beyond a prosecutor’s control would not provide grounds for good cause for
delay.” Ex parte Torres, 966 S.W.2d at 728. We find that both prior articles 32.01 and
28.061 are constitutional. Accordingly, we sustain Appellant’s Issue No. Two.
           Having sustained Appellant’s Issue No. Two, we find it unnecessary to address his
remaining issue. We reverse the court’s order denying relief and we remand the cause
with instructions to the trial court to dismiss the indictment.
 
                                                                  RICHARD BARAJAS, Chief Justice

December 15, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Publish)